Opinion by
Willson, J.

(Transferred from, Austin. J

§351. Written instrument cannot be impugned except by plea under oath, when, etc.; case stated. Cameron sued Hendricks and one Etchison in justice’s court upon a note executed by Etchison alone, alleging that Hendricks was a partner of Etchison, and as such liable on the note. The cause of action is described in the citation as follows: “Eor the sum of $134.50, with interest, due upon a note signed by J. E. Etchison, dated June 16, 1881, and due on or before October 1, 1881. Plaintiff claims that J. Gr. Hendricks was a silent partner of the said J. F. Etchison, and is equally liable with said J. E. Etchison to pay said note and interest.” Hendricks pleaded general denial and payment. Etchison made no-defense. Judgment was rendered in favor of Cameron against both defendants for the amount of the note and interest, and for the further sum of $14.80 as expenses,, and for costs. There was a provision in the note, that,., if the same was not paid at maturity, and the holder ■ *306 thereof should thereby incur expenses and' costs, an additional amount of ten per cent, on the amount due, as a collection fee, should be paid. Hendricks appealed to the county court, and in that court pleaded, in writing, and under oath, a denial of partnership with Efcchison, and also pleaded payment in full, setting forth in, his plea of payment two receipts in writing, which he alleged had been executed by authorized agents of Cameron. Upon a trial de novo in the county court, Cameron was permitted, over the objections of Hendricks, to introduce evidence to show that the receipts were uot executed by his authority. The verdict of the jury was as follows: “We, the jury, find in favor of the plaintiff for the note as sued on, against J. F. Etchison and J. G-. Hendricks.” Upon this verdict the court rendered judgment in favor of Cameron for the amount of the note, principal and interest; and also for ten per cent, on that amount, collection fee, and for all costs. Held, the court erred in admitting evidence, objected to by the defendant, impugning the receipts upon which his plea of payment was founded. Such evidence would only be admissible under a written pleading, -verified by affidavit, and there was no.such pleading in this case. [E. S. art. 1574, subd. 8.]
October 18, 1884.
§ 352. Judgment not warranted by citation, evidence or verdict. Neither the citation, the evidence or verdict of the jury warranted the judgment for the ten per cent, collection fee. It was not claimed in the citation; there was no proof that plaintiff had incurred any expense or costs by reason of a failure to pay the note at maturity, and the verdict of the jury only found for the plaintiff for the note as sued on, and the note as sued on, as described in the citation, was for principal and interest, and nothing more.
Reversed and remanded.